**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

FILED
2009 Jan 26 PM 03:39
CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | SIPA Liquidation |
| | ) | |
| Continental Capital Investment Services, Inc. and | ) | Related Adv. Pro. No. 03-3370 |
| Continental Capital Securities, Inc. | ) | |
| | ) | Adv. Pro. No. 05-3147 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Thomas S. Zaremba, SIPA Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William C. Davis, et al., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM

This adversary proceeding is before the court on the Plaintiff's unopposed Motion to Dismiss Counterclaim [Doc. # 77]. This proceeding was commenced in connection with an underlying broker-dealer liquidation proceeding brought against Continental Capital Investment Services, Inc. ("CCIS"), and Continental Capital Securities, Inc.("CCS"), (collectively, "Debtors"). Plaintiff is the liquidation trustee appointed under the Securities Investor Protection Act, 15 U.S.C. § 78aaa, *et seq.* ("SIPA"). In his

complaint, Plaintiff objects to a SIPA claim filed by Defendant William C. Davis ("Davis") and alleges, among other things, that Davis was a director and officer of Debtors who conducted a complicated Ponzi scheme in which he would transfer, convert, or embezzle funds of Debtors' customers and that he engaged in other fraudulent conduct causing Debtors and their customers damages. In addition to Plaintiff's claim objection, he asserts a counterclaim that consists of separate counts for Fraudulent and Preferential Transfers (Count One), Turnover and Accounting (Count Two), Conversion (Count Three), Punitive Damages for Conversion (Count Four), Fraud (Count Five) and Injunctive Relief (Count Six). *See* Fed. R. Bankr. P. 3007(b). Defendant Marcus & Millichap was named as a necessary party with respect to Plaintiff's claim for injunctive relief only.

On September 12, 2008, the court entered an order granting Plaintiff's motion for partial summary judgment as to his claim objection and as to liability on the conversion claim. However, the court denied summary judgment on Plaintiff's fraudulent conveyance claim and as to damages caused by Davis's conversion of customers' property.

Plaintiff now moves to dismiss all counts of his counterclaim pursuant to Federal Rule of Civil Procedure 41(a), which applies in this adversary proceeding under Federal Rule of Bankruptcy Procedure 7041. Because in connection with Davis's criminal prosecution, the District Court has ordered restitution to be paid to Davis's victims, and given the current status of Davis's debts, Plaintiff states that further action in this case would be duplicative and would unnecessarily burden the estate. He further states that his claims for turnover and accounting and for injunctive relief are now moot.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Counterclaim be, and hereby is, **GRANTED** without prejudice.